UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:22-cr-222

        Plaintiff,

v.   ORDER

David Towe,

        Defendant.

On May 4, 2022, Defendant David Towe was indicted on one count of receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). (Doc. No. 1). Towe subsequently pled guilty, and I referred Towe to the United States Probation and Pretrial Services Office for the preparation of a presentence investigation report ("PSR"). (*See* non-document entry dated August 23, 2022). The pretrial services officer made the first disclosure of the PSR on October 13, 2022. (Doc. No. 13). Towe submitted objections and the pretrial services officer submitted the final PSR on November 9, 2022, after resolving Towe's objections.[1] (Doc. No. 15). The final PSR noted no requests for restitution had been made. (*Id.* at 10).

Then, on December 8, 2022, the pretrial services officer submitted an amended final PSR, identifying a total of eight requests for restitution which had been submitted by victims depicted in the images Towe viewed. (Doc. No. 18). Towe filed a motion to continue his sentencing hearing,

---

[1] The final PSR was refiled the following day, attaching the victim impact statements. (Doc. No. 17).

previously set for January 4, 2023, due to the significant volume of materials which recently had been submitted in support of the restitution requests. (Doc. No. 20). I granted Towe's motion and rescheduled the sentencing hearing for February 3, 2023.

Prior to the sentencing hearing, Towe filed a sentencing memorandum under seal. (Doc. No. 23). The government did not file its own memorandum. I conducted the sentencing hearing on February 3, 2023. At the conclusion of the hearing, I sentenced Towe to 60 months in prison and 10 years of post-incarceration supervised release. (*See* non-document entry dated February 3, 2023). I also imposed restitution in the amount of $3,000 and a special assessment in the amount of $100. (*Id.*). Later the same day, which was a Friday, the government contacted my chambers to raise a potential error in the sentence.

During a telephone conference at the beginning of the following week, the government asserted its concern that the sentence was entered in error because I imposed restitution for only one victim, rather than for all eight victims who submitted the requests included in the final revised PSR of December 8, 2022. I granted the government's motion for leave to file a motion to correct the sentence pursuant to Federal Rule of Criminal Procedure 35. (Doc. No. 24); (*see also* non-document entry dated February 16, 2023).

The government then filed its motion to correct the sentence under Rule 35 and its request for the imposition of mandatory restitution pursuant to 18 U.S.C. §§ 2259(b)(2) and 3664. (Doc. No. 25). The government argues I can correct Towe's sentence pursuant to Rule 35(a) because it contains a clear error – my failure to order restitution for each of the eight victims listed in the final revised PSR. (*Id.* at 3). The government notes restitution is mandatory in cases such as this one pursuant to 18 U.S.C. § 2259(b)(2) and argues I have jurisdiction to amend the restitution order pursuant to 18 U.S.C. § 3664. (*Id.* at 3-6).

Towe opposed the motion. (Doc. No. 26). He does not concede that the government has established a clear error exists and contends I may not reach that inquiry at all, because I lack jurisdiction to amend or correct his sentence under Rule 35. (*Id.* at 1-2).

Under § 3582, a "court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . . ." 18 U.S.C. § 3582(c)(2).

The circumstances in which a restitution order may be amended are very limited. Section 3664 provides:

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
>
> (1) such sentence can subsequently be—
>
>   (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>
>   (B) appealed and modified under section 3742;
>
>   (C) amended under subsection (d)(5); or
>
>   (D) adjusted under section 3664(k); 3572, or 3613A; or
>
> (2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o).

The government raises two possibilities: Rule 35 and § 3664(d)(5). But I conclude neither argument provides a basis upon which I may revisit the restitution order.

First, § 3664(d)(5), in some circumstances, permits a court to enter restitution after the sentencing date. 18 U.S.C. § 3664(d)(5) ("If the victim's losses are not ascertainable [within 10 days of sentencing], . . . the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution

3

order."). But those circumstances are not present in this case. The victims' losses were ascertainable and in fact identified in the final revised PSR. And there is no evidence that any of the identified victims "discover[ed] further losses" after the entry of the sentencing order. Therefore, I deny the government's motion on this basis.

I also conclude the government is not entitled to relief under Rule 35, which states that a "court may correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days after the date of the sentencing hearing. Fed. R. Crim. P. 35(a). As Towe notes, the Sixth Circuit has held that the 14-day deadline applies to the entry of a corrected sentence and the deadline is not stayed by any other action which might lead to the entry of a corrected sentence. *United States v. Hall*, 661 F.3d 320, 322 (6th Cir. 2011) (citing *United States v. Vicol*, 460 F.3d 693, 695 (6th Cir. 2006)). *See also Vicol*, 460 F.3d at 696 ("Rule 35(a) makes no provision for the extension of this [limitation] period based on a timely motion by a party." (quoting *United States v. Green*, 405 F.3d 1180, 1186 (10th Cir. 2005))); *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1056 (9th Cir. 2011) (reiterating the holding in earlier, binding cases that Rule 35's 14-day deadline is jurisdictional).

The government's Rule 35 motion was filed on February 16, 2023, and briefing was completed on February 23, 2023 (the date on which Towe filed his opposition brief), as the government waived its opportunity to file a reply brief as permitted by my February 8, 2023 order. More than 14 days had passed between Towe's sentencing hearing and the completion of briefing. Therefore, I must conclude I lack jurisdiction to consider the government's Rule 35 motion and deny it.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

4